Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X-DJ 2024-062C

| | | |
|---|---|---|
| MARIANNE MICHELLE LEÓN MALDONADO<br><br>Recurrida<br><br>V.<br><br>NOEL J. ARCE DURÁN<br><br>Peticionario | TA2025CE00454 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2020RF00099<br><br>Sobre: Alimentos |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2025.

El 15 de septiembre de 2025, compareció ante este Tribunal de Apelaciones, el señor Noel J. Arce Durán (en adelante, señor Arce Durán o parte peticionaria) mediante recurso de *Certiorari.* En el mismo nos solicita que revisemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 4 de agosto de 2025. En virtud del aludido dictamen, el foro *a quo* le impuso el pago de la cuantía de $5,000.00 por concepto de honorarios de abogado al señor Arce Durán.

Adelantamos que, por los fundamentos que adelante se exponen, se *expide* el auto de *certiorari* y se *confirma* la *Orden* recurrida.

### I

La controversia de epígrafe tiene su génesis en una *Petición* sobre alimentos instada el 7 de febrero de 2020 por la señora Marianne M. León Maldonado (en adelante, señora León Maldonado o parte recurrida), en contra del señor Arce Durán. Nos compete

destacar que, la parte peticionaria anteriormente había acudido ante este Tribunal dentro del mismo pleito judicial. Por ende, adoptamos por referencia el trámite procesal del caso plasmado en la *Sentencia* emitida por este panel el 13 de mayo de 2025 y notificada el 14 de mayo de 2025[1], en el caso con designación alfanumérica KLAN202500143. Es por lo que, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Según se desprende del expediente, el 28 de julio de 2025, la parte recurrida presentó *Moción en Solicitud de Costas y Honorarios de Abogado.* Por medio de esta, argumentó que, por las actuaciones temerarias del señor Arce Durán, procedía la imposición del pago de costas y honorarios de abogado, conforme a las Reglas de Procedimiento Civil.

En respuesta, el 29 de julio de 2025, la parte peticionaria incoó *Moción en Oposición a la Solicitud de Honorarios de Abogado.* Sostuvo que, no procedía la solicitud de la parte recurrida, dado a que tal asunto ya había sido adjudicado por el foro recurrido previamente. Conforme a esto, levantó la doctrina de cosa juzgada y argumentó que, la aludida solicitud debía ser denegada de plano.

El 4 de agosto de 2025, el Tribunal de Primera Instancia emitió y notificó la *Orden* cuya revisión nos ocupa, en la cual dispuso lo siguiente:

> Se concede la cantidad de $5,000.00 por concepto de honorarios de abogados a ser pagados en el término de 30 días.

Inconforme, la parte peticionaria presentó *Moción de Reconsideración* el 13 de agosto de 2025. Esta fue declarada No Ha Lugar por el foro *a quo* mediante *Resolución* emitida el 15 de agosto de 2025.

---

[1] Fecha de notificación verificada en el sistema SIAT.

En desacuerdo con lo determinado, el 15 de septiembre de 2025, la parte peticionaria compareció ante este foro revisor y esgrime el siguiente señalamiento de error:

> Primer error: El Tribunal de Primera Instancia, Sala Superior de Ponce, erró en su aplicación del uso de discreción al conceder honorarios de $5,000 post sentencia de proceso apelativo.

Mediante nuestra *Resolución* emitida y notificada el 16 septiembre de 2025, le concedimos a la parte recurrida hasta el jueves 25 de septiembre de 2025, para exponer su posición en cuanto al recurso de epígrafe. Le apercibimos que, transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación final.

Por haber decursado el término dispuesto, sin que compareciera la parte recurrida, procedemos a disponer del recurso sin el beneficio de su comparecencia.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, [...], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera*

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

*Montalvo,* supra, pág. 372; *Torres González v. Zaragoza Meléndez,* supra, pág. 848.  La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró,* 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v.*

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

*Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Honorarios de Abogado

La concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (d). La misma autoriza al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o frivolidad. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022); *SLG González-Figueroa v. SLG et al.*, 209 DPR 138 (2022). La *temeridad* se define como aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables. *Íd*; *SLG González-Figueroa v. SLG et al.,* supra, pág. 148; *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010). Sobre este particular, nuestro más Alto Foro ha expresado también que "[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia." *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001).

Por otro lado, la frivolidad se define como "aquello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna." *Depto. Rec. v.*

*Asoc. Rec. Round Hill*, 149 DPR 91, 100 (1999). Sólo lo claramente irrazonable o inmeritorio debe dar paso a una determinación de frivolidad por un tribunal apelativo. *Íd.*

El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Pérez Rodríguez v. López Rodríguez*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, págs. 148-149; *Fernández v. San Juan Co.*, Inc., 118 DPR 713, 718 (1987).

Además, la imposición de honorarios de abogado, tiene como objetivo disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte. *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718-719 (1987). Nuestro más Alto Foro ha dispuesto que, la facultad de imponer honorarios de abogados es la mejor arma que ostentan los tribunales para gestionar de forma eficaz los procedimientos judiciales y el tiempo de la administración de la justicia, así como para proteger a los litigantes de la dilación y los gastos innecesarios. *SLG González-Figueroa v. SLG et al.*, supra, pág. 149.

La determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador y no será variada en apelación a menos que se demuestre que éste ha abusado de su discreción. *Pérez Rodríguez v. López Rodríguez*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, pág. 150. Tampoco será variada la partida concedida a menos que

resulte ser excesiva, exigua o constituya un abuso de discreción. *Feliciano Polanco v. Feliciano González, supra*, a las págs. 728-729.

Por otro lado, reconocemos la existencia de estatutos que regulan la imposición de honorarios de abogados en circunstancias excepcionales. En lo pertinente, la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, dispone sobre la imposición de honorarios de abogados al alimentante a favor del alimentista. Específicamente, el Art. 22 (1) establece que, en los procedimientos relacionados a la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, el tribunal impondrá al alimentante el pago de honorarios de abogado a favor del alimentista cuando este prevalezca.[4]

Nuestro Máximo Foro ha expresado que, la imposición de los honorarios de abogado a favor de los menores, en una acción para reclamar alimentos a su favor procede sin la necesidad de que la parte demandada incurra en temeridad. Dado a que, dicha partida es parte de los alimentos a los que tiene derecho el menor alimentista. *Llorens Becerra v. Mora Monteserín*, 178 DPR 1003, 1035 (2010). Sin embargo, la imposición de honorarios de abogado deberá regirse por el criterio de razonabilidad. *Íd.* Consecuentemente, no procede intervenir con los honorarios de abogados que conceda el Tribunal de Primera Instancia, salvo que, la suma concedida fuere irrazonable. *Íd.*

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

---

[4] 8 LPRA sec. 521.

**III**

La parte peticionaria nos solicita que, revisemos la *Orden* emitida por el Tribunal de Primera Instancia, en la cual le impuso el pago de honorarios de abogado en la suma de $5,000.00.

En su único señalamiento de error, el señor Arce Durán arguye que, erró el Tribunal de Primera Instancia al aplicar el uso de su discreción al conceder honorarios por la cantidad de $5,000.00 post sentencia de proceso apelativo.

Adelantamos que, no le asiste la razón. Veamos.

Según reseñáramos, la parte recurrida presentó una *Petición* sobre alimentos, con el propósito de que se fijara una pensión alimentaria a favor de la menor MCAL, hija de las partes de epígrafe. Acaecidas varias incidencias procesales, innecesarias pormenorizar, el foro *a quo* mediante *Resolución* emitida el 12 de marzo de 2021[5], impuso una pensión alimentaria final a favor de la menor MCAL.

Posteriormente, la parte peticionaria presentó ante el foro recurrido una *Moción en Solicitud de Revisión o Modificación de Pensión Alimentaria*. Esta fue declarada No Ha Lugar por el foro primario, mediante *Resolución* emitida el 8 de enero de 2025[6]. Dicha determinación fue confirmada por este Tribunal mediante *Sentencia* emitida el 13 de mayo de 2025.

Subsiguientemente, la parte recurrida presentó *Moción en Solicitud de Costas y Honorarios de Abogado*. A tales efectos, la primera instancia judicial emitió la *Orden* cuya revisión nos atiene, donde concedió la cantidad de $5,000.00 por concepto de honorarios de abogado, a ser pagados en un término de 30 días.

Como es sabido, la Regla 44.1(d) de Procedimiento Civil de 2009 autoriza a los tribunales a imponer honorarios de abogado

---

[5] Notificada el 15 de marzo de 2021.
[6] Notificada el 9 de enero de 2025.

cuando una parte o su abogado procede con temeridad o frivolidad.[7] Sin embargo, existen instancias en las que procede la imposición de una partida por honorarios de abogado sin la existencia de temeridad. En lo aquí pertinente, el Art. 22 (1) de la Ley Núm. 5-1986, *supra*, establece que, en los procedimientos relacionados a la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, **el tribunal impondrá al alimentante el pago de honorarios de abogado a favor del alimentista cuando este prevalezca**.[8] (*Énfasis suplido*).

Sobre este particular, nuestro Tribunal Supremo expresó que, la imposición de los honorarios de abogado a favor de los menores, en una acción para reclamar alimentos a su favor procede sin estar sujeta a que la parte demandada incurra en temeridad. Puesto que, tal partida es parte de los alimentos a los que tiene derecho el menor alimentista.[9]

En lo que respecta a la controversia de epígrafe, es cierto que, no proceden los honorarios de abogado por temeridad, ya que de la *Orden* no surge una determinación de temeridad por parte del Tribunal de Primera Instancia al imponer los honorarios de abogado. No obstante, *procede* la imposición de honorarios de abogado, en virtud de la Ley Núm. 5-1986, *supra*, y a la jurisprudencia vigente. En el caso de epígrafe, la alimentista salió favorecida, por lo que, corresponde el pago de los honorarios de abogado a su favor por parte del alimentante.

Basado en el criterio de razonabilidad, no procede que intervengamos con los honorarios de abogados concedidos por el Tribunal de Primera Instancia, dado a que la suma concedida no nos parece irrazonable.[10]

---

[7] *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 192; *SLG González-Figueroa v. SLG et al.*, supra, pág. 145.
[8] 8 LPRA sec. 521.
[9] *Llorens Becerra v. Mora Moteserín*, pág. 1035.
[10] *Íd.*

Por lo tanto, el foro recurrido no cometió el error señalado.

**IV**

Por los fundamentos antes expuestos, se *expide* el auto de *certiorari* y se *confirma* la *Orden* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones