Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| METRO 3, LLC<br><br>Apelante<br><br>V.<br><br>JORGE URRUTIA VALLÉS<br><br>Apelado | KLAN202400298 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2023CV00212<br><br>Sobre: Cobro de Dinero Regla 60 |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2024.

El 26 de marzo de 2024, compareció ante este Tribunal, Metro 3, LLC (en adelante, parte apelante o Metro 3), por medio de recurso de *Apelación.* Mediante este, nos solicita que, revisemos la *Sentencia* emitida el 23 de febrero de 2024, y notificada el 26 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la moción de desestimación presentada por el señor Jorge Urrutia Vallés (en adelante, señor Urrutia Vallés o parte apelada).

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada, se ordena que se convierta al trámite ordinario y que se expidan los emplazamientos conforme a la Regla 4.3 de Procedimiento Civil.

### I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* al amparo de la Regla 60 de las Reglas de Procedimiento Civil, *infra*, instada por Metro 3 en contra del señor Urrutia Vallés, el 15 de marzo de 2023. De acuerdo con las

alegaciones de la *Demanda*, el 30 de junio de 2021, Metro 3 adquirió un edificio donde se ubicaba la oficina 521 localizada en Metro Office Park 3 en el municipio de Guaynabo. Atado a dicha compra, obtuvo el Contrato de Arrendamiento[1] suscrito entre el señor Urrutia Vallés y Nosce Te Ipsum, Inc. (en adelante, Nosce). Dicho contrato tendría una duración de cinco (5) años, es decir, hasta el 30 de septiembre de 2023. La parte apelante sostuvo que, el 4 de agosto de 2022, el señor Urrutia Vallés le remitió un correo electrónico donde notificó su intención de desocupar la oficina alquilada previo a que expirara el término del contrato. Mencionó que, la razón de ello era una falla mecánica de uno de los dos elevadores del edificio y la remodelación del otro elevador. Metro 3 acotó que, a través del señor Max Faigenblat le respondió a la parte apelada que, uno de los dos elevadores funcionaba y que, la vigencia del contrato de arrendamiento era hasta el 30 de septiembre de 2023. La parte apelante aseguró que, el fallo mecánico del ascensor fue atendido de forma inmediata. De igual forma, alegó que, el 31 de octubre de 2022, la parte apelada desocupó la oficina y entregó las llaves. Añadió que, el 22 de diciembre de 2022, la parte apelada, por conducto de su abogada le indicó que, los elevadores que daban acceso a su oficina estuvieron en múltiples ocasiones fuera de servicio y que ello interfirió con la operación de dicho negocio. Indicó que, la parte apelada había expresado que desocuparía la oficina antes de transcurrido el término pactado en virtud de las cláusulas 1.05 sobre acceso y 8.01 del contrato, sobre áreas públicas. Metro 3 alegó incumplimiento de contrato por parte del señor Urrutia Vallés, y por ello expresó que este último adeudaba la cantidad de $13,475.40 por concepto de arrendamiento y $675.00 por concepto de cargos por tardanza.

---

[1] Perfeccionado el 29 de agosto de 2018.

El 15 de marzo de 2023, el Tribunal de Primera Instancia emitió una *Orden de Celebración de Juicio en su Fondo Mediante Videoconferencia*. Por medio de esta señaló juicio en su fondo para el 23 de junio de 2023 a las 9:00 am, por videoconferencia. Además, le ordenó a la parte apelante que, debía diligenciar copia de la *Orden* con copia de la notificación-citación conforme a las disposiciones de la Regla 60 de Procedimiento Civil, *infra*. En igual fecha, fue expedida la *Notificación y Citación Sobre Cobro de Dinero*.

Para el 1ro de junio de 2023, la parte apelante presentó la *Moción Informativa sobre Diligenciamiento de Notificación y Citación*. A través de esta, indicó que, la notificación y citación dirigida a la parte apelada había sido diligenciada el 30 de mayo de 2023.

Por otro lado, el 21 de junio de 2023, el señor Urrutia Vallés presentó la *Moción sobre Insuficiencia en el Emplazamiento y su Diligenciamiento; Falta de Jurisdicción sobre la Persona y; en Solicitud de Desestimación Bajo la Regla 10.2 de Procedimiento Civil*. En virtud de esta, la parte apelada alegó que, la notificación-citación había sido diligenciada setenta y cinco (75) días después de haber sido expedidos los proyectos de notificación-citación. Argumentó, además, que, el diligenciamiento de la notificación-citación fuera del término provisto por ley, hacía de esta una inoficiosa y defectuosa, que impedía al foro primario celebrar la vista en su fondo por falta de jurisdicción. A tales efectos, solicitó la desestimación de la *Demanda* al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil.

El 22 de junio de 2023, el foro de primera instancia emitió una *Orden* donde le concedió veinte (20) días a la parte apelante para replicar a la moción de desestimación. En igual fecha, emitió otra *Orden* donde dejó sin efecto la vista señalada para el 23 de junio de 2023.

Así las cosas, el 12 de julio de 2023, Metro 3 presentó la *oposición a Moción de Desestimación Sobre Insuficiencia en el Emplazamiento.* En su moción, la parte apelante argumentó que, nuestra Máxima Curia, en el caso de *Cooperativa v. Hernández Hernández,* 205 DPR 624 (2020), dispuso que, antes de desestimar una demanda instada al amparo de la Regla 60, *infra,* por no emplazar dentro de los diez (10) días provistos por dicha regla, procede considerar convertir al procedimiento civil ordinario. De igual manera, expresó que, la dilación en diligenciar el emplazamiento se debió a situaciones ajenas a su voluntad, ya que había sido diligente en su intento de emplazar a la parte apelada. Arguyó que, el señor Keneth Castillo Geigel (en adelante, señor Castillo Geigel), fue contratado para diligenciar la notificación citación, y que había realizado las siguientes gestiones para ello:

a.  El 22 de marzo de 2023 se personó a la residencia del Sr. Urrutia en múltiples ocasiones, tocó a la puerta varias veces y llamó al Demandado, pero nadie respondió.

b.  El 27, 28 y 30 de marzo de 2023 regresó a la residencia del Sr. Urrutia, nuevamente tocó a la puerta y llamó al Sr. Urrutia, pero nadie respondió.

c.  El 31 de marzo de 2023, realizó una investigación en la página del Centro de Recaudación de Ingresos Municipales ("CRIM") y halló dos propiedades adicionales bajo el nombre del Sr. Urrutia, una de ellas es el solar contingente a su propiedad y la otra en el Bo. Higuilar, Dorado, Puerto Rico.

d.  El 31 de marzo de 2023, visitó el complejo de Dorado Beach para intentar llegar a la propiedad del Sr. Urrutia en el Bo. Higuilar, Dorado, Puerto Rico. No obstante, los guardias de seguridad no le dieron acceso por no tener la dirección completa.

e.  El 3 de abril de 2023, regresó a la residencia del Sr. Urrutia en más de una ocasión en la mañana y en la tarde, tocó la puerta, pero nuevamente, nadie respondió.

f.  Ese mismo día, llamó al Sr. Urrutia a su celular, pero no contestó. Poco después, el Sr. Urrutia le devolvió la llamada, pero colgó. Seguido, lo llamó de nuevo, pero no respondió. El Sr. Castillo intentó llamarlo desde otro teléfono y tampoco le contestó.

g. El 4 de abril de 2023, el Sr. Castillo le solicitó al CRIM la dirección completa de la propiedad del Demandado en Dorado, pero al no poseer una autorización del dueño para recibir información, ni una orden del tribunal, no le dieron la dirección completa de la residencia.

h. Durante los meses de abril y mayo, el Sr. Castillo visitó la propiedad del Demandado en no menos de 10 ocasiones, mantuvo vigilancia en la propiedad a diferentes horas, llamó al Sr. Urrutia varias veces, sin embargo, nadie contestó la puerta ni pudo observar a nadie entrar o salir de la propiedad. El Sr. Urrutia tampoco contestó las llamadas.

i. A mediados de mayo, el Sr. [Castillo] [sic.] regresó a la residencia del Sr. Urrutia y una persona que estaba trabajando en la residencia le informó que éste estaba de viaje y que regresaba el 29 de mayo de 2023.

j. Finalmente, el 30 de mayo, el Sr. Castillo visitó nuevamente la propiedad del Sr. Urrutia y le entregó la citación personalmente.

La parte apelante arguyó, además que, debido a los múltiples esfuerzos de su parte para diligenciar la notificación citación dentro del término provisto por la Regla 60 de Procedimiento Civil, *infra*, no existía razón que justificara la desestimación de su causa. Asimismo, adujo que, la desestimación del pleito atentaría contra la naturaleza de las normas procesales y sería una violación al debido proceso de ley del apelante. Finalmente, solicitó al foro *a quo* que declarara sin lugar la moción de desestimación y en la alternativa, convirtiese el pleito al trámite ordinario.

El Tribunal de Primera Instancia, mediante *Orden* emitida el 29 de agosto de 2023, señaló vista de Regla 60 para el 26 de enero de 2024, y ordenó la expedición de la citación. En esa misma fecha, emitió una *Resolución,* donde declaró No Ha Lugar la moción de desestimación presentada por la parte apelada, y ordenó la continuación de los procedimientos.

La parte apelante presentó la *Urgente Solicitud de Reseñalamiento de Juicio* el 23 de enero de 2024, en la cual solicitó

que se reseñalara el juicio debido a que el señor Max Faigenblat no estaría en Puerto Rico para esa fecha. En respuesta, la parte apelada presentó la *Urgente Moción en Oposición a Solicitud de Reseñalamiento de Juicio; 2 Moción sobre Insuficiencia en el Emplazamiento y su Diligenciamiento; Falta de Jurisdicción sobre la Persona y; en Solicitud de Desestimación Bajo la Regla 10.2 de Procedimiento Civil y la Jurisprudencia Vigente.* Por medio de esta, arguyó que, procedía que se desestimara la demanda. Sostuvo, además, que, la parte apelante incumplió con el término para diligenciar la notificación citación, puesto que lo hizo 136 días luego de esta haber sido expedida. Reiteró que, lo anterior hacía de la notificación-citación una inoficiosa y defectuosa que impedía al foro *a quo* celebrar la vista en su fondo por falta de jurisdicción. Alegó que, en caso de que el caso fuese convertido al trámite ordinario, la parte apelante también estuviera fuera de los términos dispuestos por las Reglas de Procedimiento Civil. Expresó que, en la controversia de epígrafe no se configuraban los elementos del emplazamiento ni se cumplió con las exigencias establecidas en nuestro ordenamiento jurídico para este.

El 23 de enero de 2024, el foro de primera instancia emitió una *Orden* donde le ordenó a la parte apelante a replicar a la moción de desestimación en un término de veinte (20) días. Igualmente, mediante *Orden* emitida el mismo día, dejó sin efecto el señalamiento de 26 de enero de 2024.

Por otra parte, el 12 de febrero de 2024, Metro 3 presentó la *Solicitud de Prórroga*, donde solicitó un término adicional para replicar a la moción de desestimación. La primera instancia judicial le concedió hasta el 26 de febrero de 2024, por medio de *Orden* emitida el 12 de febrero de 2024.

En desacuerdo, la parte apelada presentó la *Moción en Solicitud de Reconsideración de Orden del 12 de Febrero de 2024 y*

*Reiterando Desestimación Según la Jurisprudencia Vigente y el Normativo Ross Valedón y otros v. Hospital Dr. Susoni Health Community Services, Corp. y otros, 2024 TSPR 10.* La parte apelada en su moción reiteró que, la parte apelante había diligenciado su emplazamiento 136 días después de haber sido expedida la notificación citación. De igual manera, alegó que, no procedía que el Tribunal de Primera Instancia le concediera una prórroga a Metro 3 para replicar a la moción de desestimación, y que, lo que procedía era la desestimación de la *Demanda.* Es por lo que, le solicitó al foro *a quo* que reconsiderara su *Orden* del 12 de febrero de 2024, declarara No Ha Lugar la prórroga concedida y desestimara la *Demanda.*

Posteriormente, la parte apelante presentó la *Oposición a Moción en Reconsideración (SUMAC 27).* Primeramente, acotó que la moción de reconsideración fue presentada a destiempo por la parte apelada y que, por ello, debía ser declarada No Ha Lugar. Aseguró que, realmente, la parte apelada presentó una solicitud de reconsideración de la *Orden* emitida el 23 de enero de 2024, en la que se le concedió a la parte apelante veinte (20) días para replicar a la moción de desestimación.

Subsiguientemente, la parte apelada presentó la *R[é]plica a Oposición de Moción en Solicitud de Reconsideraci[ó]n,* donde volvió a solicitar la desestimación de la causa de acción.

Finalmente, el 23 de febrero de 2024, el foro primario emitió la *Sentencia*[2], cuya revisión nos atiene. En virtud de esta, declaró Ha Lugar la moción de desestimación presentada por la parte apelada. La primera instancia judicial razonó que, en el caso de epígrafe se había expirado el término para diligenciar personalmente el emplazamiento a la parte apelada. Explicó que, la parte apelante

---

[2] Notificada el 26 de febrero de 2024.

no presentó junto a su solicitud de suspensión de juicio y re-señalamiento evidencia que acreditara que el diligenciamiento se había realizado dentro del término de 120 días de haber sido expedido. De igual forma, le impuso el pago de mil ($1,000) dólares en concepto de honorarios de abogados por temeridad.

Inconforme, Metro 3 acudió ante este foro revisor mediante recurso de *Apelación*, y esgrimió los siguientes señalamientos de error:

- El Tribunal de Primera Instancia erró al desestimar la Demanda de autos sin antes escuchar a Metro 3 y bajo el equivocado fundamento de que no "emplazó" al Apelado dentro de los 120 días que dispone la Regla 4.3 de Procedimiento Civil, obviando que esto es un caso bajo la Regla 60 de Procedimiento Civil, y que Metro 3 ya había entregado al Apelado, siete meses antes, la notificación-citación y copia de la Demanda.

- Erró el Honorable Tribunal de Primera Instancia al imponerle $1,000 de honorarios de abogado sin determinación de hecho alguna demostrativa de conducta temeraria o frívola de parte de Metro 3. Más preocupante aún, sin darle la oportunidad a Metro 3 de defenderse de una acusación infundada que violenta los Cánones de Ética.

El 5 de abril de 2024, la parte apelada compareció mediante *Oposición a Apelación*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[3].

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

## B. La Regla 60 de Procedimiento Civil

La Regla 60 de Procedimiento Civil, 32 LPRA, Ap. V, R. 60, fue creada con el propósito de agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. J. A. Cuevas Segarra,

---

[3] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

*Tratado de Derecho Procesal*, 2da ed., Publicaciones JTS, 2011, Tomo V, pág. 1803.

La referida Regla dispone lo siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. **La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.** (Énfasis nuestro).

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

[...]

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.[4] (citas omitidas)

Esta regla faculta a la parte demandante a seleccionar la forma en que diligenciará la notificación-citación, ya sea por correo certificado o mediante entrega personal, conforme a lo dispuesto en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V. *Cooperativa v. Hernández Hernández*, 205 DPR 624, 635 (2020). La notificación-citación tiene una función dual, que consiste en notificar al demandado la reclamación en cobro de dinero presentada en su contra, y en citar al promovido para la vista en su fondo. *Íd.*

---

[4] 32 LPRA, Ap. V, R. 60.

La precitada Regla 60 establece un procedimiento sumario de cobro de dinero donde las reglas de procedimiento civil para trámites ordinarios aplicarán de manera supletoria, siempre y cuando sean compatibles con el mecanismo sumario establecido en la regla. *RMCA, v. Mayol Bianchi*, 208 DPR 100 (2021).

Sin embargo, la Regla 60, *supra*, establece múltiples instancias en las cuales, se puede convertir una causa presentada bajo la misma, en un procedimiento ordinario. Entre estas, se encuentran las siguientes: "(1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor.". *Cooperativa v. Hernández Hernández*, supra, págs. 637-638; *RMCA, v. Mayol Bianchi*, supra, pág. 108.

Por otro lado, en *Cooperativa v. Hernández Hernández*, supra, nuestro Máximo Foro señaló que, a pesar de que la Regla 60 dispone los supuestos por los cuales un pleito podría tramitarse bajo el procedimiento ordinario, esta no hace mención sobre el término para que una parte solicite o que el tribunal ordene la transformación del proceso. Asimismo, señaló que, la referida ley tampoco dispone qué pudiese ocurrir en caso de incumplimiento para diligenciar la notificación-citación. De igual manera, citó al Prof. Rafael Hernández Colón, ya que este reconoció que, la anterior norma procesal "no provee para la desestimación por incumplimiento con el término del diligenciamiento"[5].

---

[5] R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 628.

A tales efectos, la última instancia judicial razonó que, si bien el estatuto procesal guarda silencio al respecto, su redacción se inclina hacia la conversión ordinaria del procedimiento, y no a la desestimación del litigio, puesto que esta última sería una medida drástica. Ello "implica que, una vez corresponda que el tribunal ordena la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional". *Cooperativa v. Hernández Hernández*, supra, págs. 638-639.

Consecuentemente, el Tribunal Supremo determinó que:

> **[S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción**. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.[6] (*Énfasis suplido*)

Es decir, en las instancias en las cuales la parte promovente demuestre haber realizado gestiones dirigidas al cumplimiento con las exigencias dispuestas por la Regla 60, *supra*, y que a pesar de ello, no pudo cumplirlas, procede, en primer lugar, la conversión al procedimiento ordinario.

### C. *Regla 44.1-Honorarios de Abogados*

La concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (d). La misma autoriza al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o frivolidad. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022); *SLG González-Figueroa v. SLG et al.*, 209 DPR 138 (2022).

De esta manera, la imposición o concesión de honorarios de abogado no procede en todos los casos. Depende, pues, de la determinación discrecional que haga el tribunal en torno a si la parte

---

[6] *Íd.* pág. 640.

perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial. *Íd.; Ortiz Valle v. Panadería Ricomini,* 210 DPR 831 (2022). Nuestro Alto Foro ha puntualizado que: "Sin duda, para reclamar honorarios de abogado y los intereses presentencia *es imprescindible* que se haya actuado con temeridad durante el trámite judicial. *SLG González-Figueroa v. SLG et al.,* supra, pág. 148.

La *temeridad* se define como aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables. *Íd*; *SLG González-Figueroa v. SLG et al.,* supra, pág. 148; *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010). Sobre este particular, nuestro más Alto Foro ha expresado también que "[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia." *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001).

Por otro lado, la frivolidad se define como "aquello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna." *Depto. Rec. v. Asoc. Rec. Round Hill,* 149 DPR 91, 100 (1999). Sólo lo claramente irrazonable o inmeritorio debe dar paso a una determinación de frivolidad por un tribunal apelativo. *Íd.*

En Feliciano *Polanco v. Feliciano González,* 47 DPR 722, 730 (1999), el Tribunal Supremo de Puerto Rico indicó que "[a] modo de ejemplo, constituyen actos temerarios los siguientes:

> [c]uando el demandado contesta la demanda y niega su responsabilidad total, aunque la acepte posteriormente; cuando se defiende injustificadamente de la acción que se presenta en su contra; cuando no admite francamente su responsabilidad limitada o parcial, a pesar de creer que la única razón que tiene para oponerse a la demanda es que la cuantía es exagerada; cuando se arriesga a litigar un caso del que prima facie se desprende su negligencia; o cuando niega un hecho que le consta ser cierto."

El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Pérez Rodríguez v. López Rodríguez*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, págs. 148-149; *Fernández v. San Juan Co.*, Inc., 118 DPR 713, 718 (1987).

Además, la imposición de honorarios de abogado, tiene como objetivo disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte. *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718-719 (1987). Nuestro más Alto Foro ha dispuesto que, la facultad de imponer honorarios de abogados es la mejor arma que ostentan los tribunales para gestionar de forma eficaz los procedimientos judiciales y el tiempo de la administración de la justicia, así como para proteger a los litigantes de la dilación y los gastos innecesarios. *SLG González-Figueroa v. SLG et al.*, supra, pág. 149.

La determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador y no será variada en apelación a menos que se demuestre que éste ha abusado de su discreción. *Pérez Rodríguez v. López Rodríguez,* supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, pág. 150. Tampoco será variada la partida concedida a menos que resulte ser excesiva, exigua o constituya un abuso de discreción. *Feliciano Polanco v. Feliciano González, supra,* a las págs. 728-729.

Ahora bien, una vez el tribunal determina que se incurrió en temeridad, está obligado a imponer el pago de los honorarios de abogado a favor de la parte que prevaleció en el pleito. *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, 213 DPR __ (2023) citando a *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 779 (2016).

Esbozada la normativa jurídica, procedemos a aplicarla a la controversia de epígrafe.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el foro de primera instancia incidió al desestimar la *Demanda* sin darle la oportunidad de ser escuchada y bajo el fundamento equivocado de que no emplazó a la parte apelada dentro de los 120 días que dispone la Regla 4.3 de Procedimiento Civil. Además, al no tomar en cuenta que, el caso de epígrafe fue instado al amparo de la Regla 60 de Procedimiento Civil, *supra*, y que, Metro 3 ya había entregado siete (7) meses antes la notificación-citación y copia de la *Demanda* a la parte apelada. Adelantamos que, le asiste la razón. Veamos.

Según reseñáramos, el 15 de marzo de 2023, Metro 3 instó una *Demanda* al amparo de la Regla 60 de Procedimiento Civil, *supra,* en contra del señor Urrutia Vallés. En esa misma fecha, la primera instancia judicial emitió una *Orden de Celebración de Juicio en su Fondo Mediante Videoconferencia*, donde señaló juicio en su fondo para el 23 de junio de 2023, y le ordenó a la parte apelante a diligenciar copia de dicha orden junto a copia de la notificación-citación a la parte apelada, conforme a las disposiciones de la Regla 60 de Procedimiento Civil, *supra.* Subsiguientemente, para el 30 de mayo de 2023, Metro 3 presentó la *Moción Informativa sobre Diligenciamiento de Notificación y Citación,* mediante la cual expresó que, la notificación-citación dirigida a la parte apelada había sido diligenciada el 30 de mayo de 2023.

Posteriormente, la parte apelada presentó la *Moción sobre Insuficiencia en el Emplazamiento y su Diligenciamiento; Falta de Jurisdicción sobre la Persona y; en Solicitud de Desestimación Bajo la Regla 10.2 de Procedimiento Civil*, en la cual, entre otras cosas, alegó que, la notificación-citación había sido diligenciada fuera del término provisto por las Reglas de Procedimiento Civil. A estos efectos, solicitó la desestimación de la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil. En respuesta, la parte apelante presentó la *Oposición a Moción de Desestimación Sobre Insuficiencia en el Emplazamiento*. Argumentó que, antes de desestimar la demanda por no emplazar dentro del término de diez (10) días provisto por la Regla 60, *supra*, el Tribunal de Primera Instancia debía considerar convertir al procedimiento ordinario, según dispuesto en el caso de *Cooperativa v. Hernández Hernández*, supra. Asimismo, desglosó los trámites llevados a cabo para diligenciar personalmente la notificación-citación. Igualmente, le solicitó al foro primario que declarara sin lugar la moción de desestimación y en la alternativa, convirtiese el pleito al trámite ordinario.

Mediante *Orden* emitida el 29 de agosto de 2023, el Tribunal de Primera Instancia señaló vista de Regla 60 para el 26 de enero de 2024, y ordenó la expedición de la notificación-citación. De igual forma, mediante *Resolución* emitida en igual fecha, declaró No Ha Lugar la moción de desestimación presentada por la parte apelada, y ordenó la continuación de los procedimientos.

Más adelante, la parte apelante presentó la *Urgente Solicitud de Reseñalamiento de Juicio* el 23 de enero de 2024, en la cual solicitó que se reseñalara el juicio. En desacuerdo con la solicitud de la parte apelante, el señor Urrutia Vallés presentó la *Urgente Moción en Oposición a Solicitud de Reseñalamiento de Juicio; Moción sobre Insuficiencia en el Emplazamiento y su Diligenciamiento; Falta de Jurisdicción sobre la Persona y; en Solicitud de Desestimación Bajo*

*la Regla 10.2 de Procedimiento Civil y la Jurisprudencia Vigente.* A través de esta, sostuvo que, procedía la desestimación de la *Demanda,* debido a que la parte apelante había incumplido con el término para diligenciar la notificación-citación.

Luego de varias mociones presentadas por las partes, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos ocupa, donde declaró Ha Lugar la solicitud de desestimación presentada por la parte apelada. Lo anterior, bajo el fundamento de que, el término para diligenciar personalmente el emplazamiento a la parte apelada había expirado. Además, expresó que, Metro 3 no presentó evidencia de que el diligenciamiento de la notificación-citación se hubiese llevado a cabo dentro del término de 120 días de haber sido expedida.

Conforme al derecho expuesto, la Regla 60 de Procedimiento Civil, *supra,* provee un procedimiento sumario para cuando una parte presente una acción en cobro de dinero de una suma que no exceda los $15,000.00. La parte que propone la acción, deberá presentar un proyecto de notificación-citación para ser expedido inmediatamente por el Secretario o Secretaria. Le corresponde a la parte demandante diligenciar la notificación-citación dentro de un plazo de diez (10) días desde que se presente la demanda, incluir copia de esta mediante entrega personal conforme a lo dispuesto en la Regla 4 de Procedimiento Civil o por correo certificado[7]. La precitada regla, dispone, además, que, la notificación-citación deberá indicar la fecha señalada para la vista en su fondo que deberá celebrarse no más tarde de los tres (3) meses a partir de la presentación de la demanda[8].

Ahora bien, la Regla 60, *supra,* provee múltiples instancias en las cuales se podrá convertir una causa presentada bajo esta, en un

---

[7] 32 LPRA, Ap. V, R. 60.
[8] 32 LPRA, Ap. V, R. 60.

procedimiento ordinario. Sin embargo, nada dispone sobre qué pudiese ocurrir en el caso de incumplimiento para diligenciar la notificación-citación. Es por lo que, nuestro Máximo Foro razonó que, la redacción del precitado estatuto se inclina hacia la conversión ordinaria del procedimiento, y no a la desestimación del litigio, dado a que esta última sería una medida drástica. Lo anterior, "implica que, una vez corresponda que el tribunal ordene la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional". *Cooperativa v. Hernández Hernández*, supra, págs. 638-639.

Nuestra Máxima Curia determinó que:

**[S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción**. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.[9] (*Énfasis suplido*)

En aquellas instancias en las cuales la parte promovente demuestre haber llevado a cabo gestiones dirigidas al cumplimiento con las exigencias dispuestas por la Regla 60, *supra*, y que, a pesar de ello no pudo cumplirlas, procede, en primer lugar, la conversión del pleito al procedimiento ordinario.

En el caso de epígrafe, la parte apelante demostró haber realizado las gestiones necesarias para diligenciar personalmente la primera notificación-citación y acreditó que, no logró hacerlo dentro del término dispuesto por la Regla 60, *supra*, por razones ajenas a su voluntad y acreditables a la parte apelada. En el momento en el que el foro de primera instancia declaró No Ha Lugar la moción de desestimación presentada el 21 de junio de 2023, debió, además, convertir el caso al trámite ordinario y no expedir otra notificación-

---

[9] *Íd.* pág. 640.

citación, conforme a nuestro actual estado de derecho. Puesto que, al volver a expedir otra notificación-citación y señalar la vista en su fondo para más adelante, derrotó el propósito sumario de la Regla 60, *supra.*

Aun sin convertir el caso al procedimiento ordinario, posteriormente, el foro de primera instancia de forma errónea desestimó la *Demanda* a petición de la parte apelada. Lo anterior, bajo el fundamento de que, la parte apelante diligenció el emplazamiento fuera del término de 120 días provisto por la Regla 4.3 de Procedimiento Civil. Recordemos que, la acción del caso de epígrafe fue instada bajo el procedimiento sumario provisto por la Regla 60, *supra,* por lo tanto, no es de aplicación el término de 120 días para emplazar. No surge de ninguna forma del expediente que, el Tribunal de Primera Instancia hubiese convertido al procedimiento ordinario como para llegar a tal conclusión.

En el presente caso procede que, primeramente, se convierta al trámite ordinario y se expida el emplazamiento correspondiente conforme a la Regla 4 de Procedimiento Civil.

En su segundo señalamiento de error, la parte apelante arguye que, el foro de primera instancia incurrió en error al imponerle mil dólares ($1,000.00) en concepto de honorarios de abogado, sin determinación de hecho demostrativa de conducta temeraria o frívola de su parte.

Adelantamos que, le asiste la razón. Veamos.

En su *Sentencia,* la primera Instancia Judicial condenó a la parte apelante al pago de una suma de mil dólares ($1,000.00) por concepto de honorarios de abogados por temeridad.

Como es sabido, la concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil, *supra.* La precitada regla faculta al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o

frivolidad[10]. De esta forma, la imposición de honorarios de abogado no procede en todos los casos. Dependerá de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial[11].

A pesar de que la determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador, en el caso de epígrafe el foro *a quo* no expresó una determinación justificada. Cabe destacar que, como bien discutimos en el primer señalamiento de error, en este caso procedía la conversión del procedimiento a ordinario. Por lo tanto, de ninguna forma quedó justificada la imposición de honorarios.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada, se ordena que se convierta al trámite ordinario y la expedición de los emplazamientos para su diligenciamiento conforme a la Regla 4.3 de Procedimiento Civil.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 192; *SLG González-Figueroa v. SLG et al.*, supra, pág. 145.
[11] *Íd.*