Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MONSERRATE SIMONET & GIERBOLINI, LLC<br><br>Apelados<br><br>V.<br><br>OSCAR PAGÁN RÍOS<br><br>Apelante | KLAN202500014 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: SJ2024CV03407<br><br>Sobre: Cobro de Dinero (Ordinario) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2025.

El 7 de enero de 2025, compareció ante este Tribunal de Apelaciones, el señor Oscar Pagán Ríos (en adelante, parte apelante o señor Pagán Ríos), por medio de *Apelaci[ó]n*. Mediante esta, nos solicita que revisemos la *Sentencia en Rebeldía* emitida el 25 de septiembre de 2024 y notificada el 9 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Demanda* presentada por Monserrate Simonet & Gierbolini, LLC (en adelante, parte apelada).

Por los fundamentos que adelante se exponen, se *revoca* el dictamen apelado, se deja sin efecto la anotación de rebeldía y se devuelve el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

### I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre cobro de dinero al amparo de la

Número Identificador

SEN2025 _____

Regla 60 de Procedimiento Civil, incoada el 12 de abril de 2024 por la parte apelada, en contra de la parte apelante. En apretada síntesis, la parte apelada sostuvo que, el señor Pagán Ríos le adeudaba una cantidad de $9,409.25, por concepto de servicios legales prestados.

El 29 de abril de 2024, el Tribunal de Primera Instancia emitió una *Orden*[1], donde le concedió a la parte apelada el término de cinco (5) días para presentar el proyecto de notificación y citación. Asimismo, señaló vista para el 3 de julio de 2024, de manera presencial.

Subsiguientemente, la parte apelada presentó *Moción en Cumplimiento de Orden*. Junto a su moción, anejó el Proyecto de Notificación y Citación. A tales efectos, el foro primario emitió *Resolución y Orden*, en la cual ordenó a Secretaría a expedir la notificación y citación.

Así las cosas, el 6 de junio de 2024, la parte apelada presentó la *Moción Urgente Solicitando Emplazamiento por Edicto*. La parte apelada sostuvo que, el 22 de mayo de 2024, el emplazador había acudido a la última dirección conocida del señor Pagán Ríos, Urb. Santa Juanita CC-18 Local 1 Ave. Santa Juanita, Bayamón, PR 00956, y se topó con una propiedad en proceso de construcción en la que nadie respondió a sus llamados. Alegó que, con el propósito de llevar a cabo el debido diligenciamiento y gestiones para emplazar a la parte apelante, el emplazador se comunicó con la Alcaldía del Municipio de Bayamón, con el Cuartel de la Policía y con la Oficina de Servicio Postal, pero que, nadie tenía conocimiento ni registro que le pudiesen brindar. Anejó a su moción, una declaración jurada que detallaba las gestiones llevadas a cabo para emplazar a la parte

---

[1] Notificada el 2 de mayo de 2024.

apelante. Finalmente, le solicitó al foro *a quo* autorización para emplazar por edicto.

Mediante *Resolución* emitida el 6 de junio de 2024, el foro de primera instancia dispuso lo siguiente:

> El procedimiento se desarrolla bajo el trámite sumario establecido en la Regla 60. Toda vez que no se ha solicitado a este foro la conversión a uno ordinario no procede la solicitud efectuada por la parte demandante. Por tal razón, se declara No Ha Lugar la moción presentada. Véase, *Cooperativa v. Hernández*, 205 DPR 624, 641 (2020).

A tales efectos, la parte apelada presentó la *Moción Solicitando Traslado del Caso a Procedimiento Ordinario para Llevar a Cabo Emplazamiento por Edicto*. Mediante la moción, solicitó la conversión del pleito al trámite ordinario.

Consecuentemente, el Tribunal de Primera Instancia emitió *Orden* el 11 de junio de 2024, en la cual determinó:

> SE CONVIERTE EL TR[Á]MITE EN UNO ORDINARIO. SE ORDENA A LA PARTE DEMANDANTE PRESENTAR PROYECTO DE EMPLAZAMIENTO, EN EL T[É]RMINO DE CINCO (5) D[Í]AS, PARA SU DILIGENCIAMIENTO PERSONAL. V[É]ASE, COOPERATIVA V. HERN[Á]NDEZ, 205 DPR 624, 641 (2020).

Subsiguientemente, la parte apelada presentó la *Moción en Cumplimiento de Orden Solicitando Emplazamiento por Edicto*. Mediante su moción, reiteró haber realizado las diligencias contempladas en ley para efectuar el emplazamiento personal a la parte apelante, pero que, estas habían sido infructuosas. Por tanto, solicitó al foro primario autorización para emplazar por edicto. A su moción acompañó la misma declaración jurada que utilizó para la *Moción Urgente Solicitando Emplazamiento por Edicto*.

El 1 de julio de 2024, Tribunal de Primera instancia emitió *Resolución* donde expresó:

> SE DA POR CUMPLIDA LA ORDEN. VÉASE ORDEN DE EMPLAZAMIENTO POR EDICTO. SE ORDENA A SECRETARÍA EXPEDIR EMPLAZAMIENTO POR EDICTO.

En igual fecha, emitió la *Orden de Emplazamiento por Edicto* en la cual dispuso que declaraba Ha Lugar la *Solicitud de Emplazamiento por Edicto*, y ordenó a Secretaría a expedir el emplazamiento dirigido al señor Pagán Ríos.

El 4 de septiembre de 2024, la parte apelada presentó la *Moción de Solicitud de Anotación de Rebeldía para que se Dicte Sentencia*. Mediante esta, sostuvo que, la parte apelante había sido debidamente emplazada por edicto el 16 de julio de 2024, y acompañó la affidavit de publicación del periódico The San Juan Daily Star. Adujo que, el señor Pagán Ríos no había formulado alegación responsiva y que, el correo certificado que incluía la demanda había sido devuelto, ya que no fue reclamado. Le solicitó al Tribunal de Primera Instancia que, dictara sentencia en rebeldía y declarara con lugar la *Demanda*.

Así las cosas, la parte apelante, sin someterse a la jurisdicción del foro primario, presentó la *Moci[ó]n Asumiendo Representaci[ó]n Legal y en Solicitud de T[é]rmino para Contestar la Demanda y/o Presentar Moci[ó]n Dispositiva*. En primer lugar, expresó que, su dirección física era Calle 8 Núm. J-29, Extensión Villa Rica, Bayamón, Puerto Rico 00959. Adujo que, para la fecha de los hechos expuestos en el pleito federal, era empleado de una casa de empeño que operaba bajo el nombre de Jeriel Casa de Empeño, que se encontraba ubicada en el CC-18 de la Ave. Santa Juanita en Bayamón. Sostuvo, además, que, unos empleados de la Refresquería Estrella le comunicaron que alguien había acudido a las oficinas del negocio a emplazarlo y que el servicio postal intentó en varias ocasiones remitirle varias comunicaciones por correo certificado con acuse de recibo al CC-18 de la Ave. Santa Juanita y no habían sido recibidas. Por lo anterior, le solicitó a su representante legal que investigara, si en efecto, existía una reclamación en su contra, y en ese entonces, fue que advino en conocimiento del pleito de epígrafe.

En su petitorio, se opuso a que se le anotara rebeldía, en parte, debido a que, entendía que el emplazamiento por edicto fue fundamentado en una declaración jurada estereotipada que no cumplía con los requisitos de la Regla 4.5 de Procedimiento Civil y los requisitos jurisprudenciales expuestos en *Mundo v. Fuster*, 87 DPR 363 (1969) y en *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 513-115 (1993). Asimismo, argumentó ostentar defensas válidas contra la reclamación instada por la parte apelada. Entre estas alegadas defensas se encontraba que, no existía relación contractual entre las partes y que, desconocía quién era la parte apelada. Solicitó al foro *a quo* que no se le anotara la rebeldía y se le concediera un término de veinte (20) días para presentar alegación responsiva y/o moción dispositiva.

En virtud de la *Orden*[2] emitida el 25 de septiembre de 2024, la primera instancia le anotó rebeldía a la parte apelante.

El Tribunal de Primera Instancia emitió *Sentencia en Rebeldía* el 25 de septiembre de 2024, la cual fue notificada el 9 de octubre de 2024. El misma consignó las siguientes determinaciones de hechos:

> La parte demandada solicitó los servicios a Monserrate Simonet & Gierbolini (de ahora en adelante el Bufete) para que lo representaran (sic) en el caso de Suarez-Torres v. Pagán-Ríos por violación al *American with Disabilities Act*, 42 USC & 12181 ("ADA") en el Tribunal Federal para el Distrito de Puerto Rico.
>
> La parte demandada ha dejado de cumplir con las obligaciones del contrato y adeuda a la parte demandante la cantidad de $9,409.25.
>
> Se han hechos (sic) diferentes gestiones de cobro y todas han sido infructuosas por lo que la deuda es líquida, vencida y exigible.
>
> En su dictamen, el foro *a quo* concluyó lo siguiente:
>
> Conforme con las Determinaciones de Hechos y Conclusiones de Derechos se declara **Ha Lugar** la demanda y se ordena a la parte demandada, **Oscar Pagán Ríos** a satisfacerle a la parte demandante la

---

[2] Notificada el 9 de octubre de 2024.

suma de **$9,409.25** por concepto de prestación de servicios legales, más los intereses al tipo legal establecido para las obligaciones privadas por la Oficina del Comisionado de Instituciones Financieras en esta fecha, desde el día de hoy hasta su total y completo saldo.

Además, la parte demandada deberá satisfacer la cantidad de más **$1,000.00** por concepto honorarios de abogados.

En la misma fecha, el foro primario emitió una *Orden* respecto a la *Moci[ó]n Asumiendo Representaci[ó]n Legal y en Solicitud de T[é]rmino para Contestar la Demanda y/o Presentar Moci[ó]n Dispositiva*, donde expresó que viera determinación emitida previamente.

Inconforme con lo resuelto, la parte apelante presentó *Moci[ó]n de Reconsideraci[ó]n de Sentencia, se deje sin Efecto la Anotaci[ó]n de Rebeld[í]a y se Admita la Contestaci[ó]n a la Demanda*. Sostuvo que, Secretaría emitió la notificación de sentencia en rebeldía mediante edicto, a pesar de que el señor Pagán Ríos había comparecido ante el foro *a quo* previo a que se dictara sentencia. La parte apelante expresó que, el foro primario había emitido sentencia sin antes resolver la *Moci[ó]n Asumiendo Representaci[ó]n Legal y en Solicitud de T[é]rmino para Contestar la Demanda y/o Presentar Moci[ó]n Dispositiva*. Alegó que, la Secretaría le notificó a su representante legal la anotación de rebeldía, no obstante, no así la sentencia. A tales instancias, argumentó que, como parte fundamental del debido proceso de ley procesal procedía que se le notificara la sentencia a su representante legal. Añadió que, su intención no era la dilación de los procedimientos, en la medida en que compareció antes de que se le anotara la rebeldía y se dictara sentencia, y solicitó término para contestar la demanda y/o presentar moción dispositiva. Por tanto, solicitó que se levantara la anotación de rebeldía y que se dejara sin efecto la *Sentencia en Rebeldía*. De igual manera, solicitó que se reconsiderara la imposición de honorarios de abogados

puesto que eran improcedentes en derecho. Junto a su solicitud de reconsideración, la parte apelante anejó la *Contestaci[ó]n a Demanda*.

La parte apelante, también presentó la *Moci[ó]n en Solicitud de Notificaci[ó]n de Sentencia*. Reiteró que, al momento en que se le anotó la rebeldía y se dictó la *Sentencia en Rebeldía*, el señor Pagán Ríos ya había comparecido en autos por medio de su abogado, solicitó prórroga para presentar alegación responsiva y anunció que tenía defensas de hecho y derecho oponibles a la demanda. Aseguró que, a pesar de que Secretaría le había notificado a su representante legal la orden sobre anotación de rebeldía y la determinación del Tribunal respecto a su solicitud de término, no le notificaron la sentencia. En vista de lo anterior, solicitó que se le notificara la sentencia conforme a derecho.

Por otro lado, la parte apelada presentó la *Moción en Oposición a Entradas [SUMAC #27], [SUMAC #28] Y [SUMAC #29]*.

Finalmente, mediante *Orden* emitida el 2 de diciembre de 2024, la *Moci[ó]n de Reconsideraci[ó]n de Sentencia, se deje sin Efecto la Anotaci[ó]n de Rebeld[í]a y se Admita la Contestaci[ó]n a la Demanda* fue declarada No ha Lugar.

Aún en desacuerdo, la parte apelante acudió ante este foro mediante *Apelaci[ó]n*, en la cual esgrimió los siguientes señalamientos de error:

1. Erró el Tribunal de Instancia al no insistir en que la acción de cobro se procesara bajo el procedimiento ordinario de procedimiento civil, luego de haberle requerido a la parte demandante el proyecto del emplazamiento personal para ser diligenciado en la persona del demandado, lo obvia a requerimiento del demandante y procede a expedir emplazamiento por edicto.

2. Erró el Tribunal de Instancia al ordenar la expedición de emplazamiento por edicto con una declaración jurada estereotipada del diligenciante que no cumple con los requisitos del debido proceso de ley.

3. Erró el Tribunal de Instancia al denegar de plano la moción donde se solicitó que no se anotara la rebeldía al demandado, y la contestación la demanda sometida, en donde se expone con hechos y los propios anejos que acompañó la parte demandante con la demanda, los cuales demuestran que el demandado tiene defensas afirmativas de hecho y de derecho contra la causa de acción ejercitada como es la prescripción, lo que constituyó un claro abuso de su discreción anotar la rebeldía a la parte demandada y no reconsiderar ese dictamen.

4. Erró el Tribunal de Instancia al imponer al demandado honorarios de abogado sin haber hecho una previa determinación de temeridad.

El 6 de febrero de 2025, la parte apelada compareció mediante *Alegato*.

Con el beneficio de la comparecencia de las partes procedemos a resolver.

**II**

**A. *Deferencia Judicial***

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo*

*v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[3].

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

### B. La Regla 60 de Procedimiento Civil

La Regla 60 de Procedimiento Civil, 32 LPRA, Ap. V, R. 60, fue creada con el propósito de agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal*, 2da ed., Publicaciones JTS, 2011, Tomo V, pág. 1803.

La referida Regla dispone lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. **La parte demandante será responsable de diligenciar la notificación-**

---

[3] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

**citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.** (Énfasis nuestro).

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

[…]

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.[4] (citas omitidas)

Esta regla faculta a la parte demandante a seleccionar la forma en que diligenciará la notificación-citación, ya sea por correo certificado o mediante entrega personal, conforme a lo dispuesto en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V. *Cooperativa v. Hernández Hernández*, 205 DPR 624, 635 (2020). La notificación-citación tiene una función dual, que consiste en notificar al demandado la reclamación en cobro de dinero presentada en su contra, y en citar al promovido para la vista en su fondo. *Íd.*

La precitada Regla 60 establece un procedimiento sumario de cobro de dinero donde las reglas de procedimiento civil para trámites ordinarios aplicarán de manera supletoria, siempre y cuando sean compatibles con el mecanismo sumario establecido en la regla. *RMCA, v. Mayol Bianchi,* 208 DPR 100 (2021).

Sin embargo, la Regla 60, *supra*, establece múltiples instancias en las cuales, se puede convertir una causa presentada bajo la misma, en un procedimiento ordinario. Entre estas, se

---

[4] 32 LPRA, Ap. V, R. 60.

encuentran las siguientes: "(1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor.". *Cooperativa v. Hernández Hernández*, supra, págs. 637-638; *RMCA, v. Mayol Bianchi*, supra, pág. 108.

Por otro lado, en *Cooperativa v. Hernández Hernández*, supra, nuestro Máximo Foro señaló que, a pesar de que la Regla 60 dispone los supuestos por los cuales un pleito podría tramitarse bajo el procedimiento ordinario, esta no hace mención sobre el término para que una parte solicite o que el tribunal ordene la transformación del proceso. Asimismo, señaló que, la referida ley tampoco dispone qué pudiese ocurrir en caso de incumplimiento para diligenciar la notificación-citación. De igual manera, citó al Prof. Rafael Hernández Colón, ya que este reconoció que, la anterior norma procesal "no provee para la desestimación por incumplimiento con el término del diligenciamiento"[5].

A tales efectos, la última instancia judicial razonó que, si bien el estatuto procesal guarda silencio al respecto, su redacción se inclina hacia la conversión ordinaria del procedimiento, y no a la desestimación del litigio, puesto que esta última sería una medida drástica. Ello "implica que, una vez corresponda que el tribunal ordena la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional". *Cooperativa v. Hernández Hernández*, supra, págs. 638-639.

---

[5] R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 628.

Consecuentemente, el Tribunal Supremo determinó que:

> [S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.[6]

Es decir, en las instancias en las cuales la parte promovente demuestre haber realizado gestiones dirigidas al cumplimiento con las exigencias dispuestas por la Regla 60, *supra*, y que a pesar de ello, no pudo cumplirlas, procede, en primer lugar, la conversión al procedimiento ordinario.

## C. *Anotación de Rebeldía*

La anotación de rebeldía es definida como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. *Rodríguez v. Rivera*, 155 DPR 838, 848 (2002). Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte, le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse según estipulan las reglas, o como sanción. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002); *González Pagán et al v. SLG Moret-Brunet*, 202 DPR 1062 (2019). En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados. Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. *Banco Popular v. Andino Solís*, 192 DPR 172 (2015). La figura de rebeldía está regulada por la Regla 45.1 de Procedimiento Civil, *supra*, la cual dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se

---

[6] *Íd.* pág. 640.

pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3).

Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.[7]

La anotación de rebeldía tiene un propósito disuasivo para las partes que puedan utilizar la dilación como un elemento de su estrategia en la litigación. *Rodríguez Gómez v. Multinational Ins. Co.*, 207 DPR 540, 554 (2021) citando a *Ocasio v. Kelly Servs.*, 163 DPR 653, 670–671 (2005) (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, San Juan, Pubs. JTS, 2000, T. II, pág. 750); *González Pagán et al v. SLG Moret-Brunet*, supra, pág. 1068. Sobre este particular, el Alto Foro ha señalado que: "... es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". En otras palabras, "justicia tardía equivale a la denegación de la justicia misma". La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011).

El Tribunal Supremo ha expresado que, la consecuencia de la anotación de rebeldía es que se admitan como ciertos los hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554; *González Pagán et al v. SLG Moret-Brunet,* supra, pág. 1068. No obstante, el Máximo Foro ha reiterado que un trámite en rebeldía no garantiza una sentencia

---

[7] 32 LPRA Ap. V, R. 45.1.

favorable al demandante, pues, la parte demandada no admite hechos incorrectamente alegados ni tampoco conclusiones de derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554. Asimismo, la parte que se encuentre en rebeldía, tampoco renuncia a las defensas de falta de jurisdicción ni a que la demanda no aduce hechos constitutivos de remedio. *Íd.* págs. 554-555. Los tribunales podrán dictar sentencia en rebeldía únicamente si concluye que procede la concesión de remedio solicitado. *González Pagán et al v. SLG Moret-Brunet*, supra, pág. 1069.

Existen varias instancias en las que un tribunal puede anotarle rebeldía a una parte. La primera y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber pues tiene el derecho o facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587.

La segunda instancia en la que una parte pueda ser declarada en rebeldía surge en el momento en que el demandado no formula contestación o alegación responsiva alguna en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse. Desde ese momento la parte demandante puede solicitar o el tribunal *motu*

*proprio* puede declarar a la parte en rebeldía. Y la última surge cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia y como medida de sanción, el demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte que ha incumplido en rebeldía. *Íd.*

Por otro lado, la Regla 45.3 de Procedimiento Civil de Puerto Rico[8], dispone lo concerniente a la facultad del tribunal para dejar sin efecto una rebeldía. Específicamente, la referida regla dispone lo siguiente:

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa, [. . .], esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, supra, págs. 591-592.

Nuestro Alto Foro ha expresado que algunos de los ejemplos indicativos de la concurrencia de justa causa para levantar la anotación de rebeldía son los siguientes: 1) cuando el demandando que reclama el levantamiento de una anotación de rebeldía puede probar que no fue debidamente emplazado al momento de la anotación; 2) cuando un codemandado a quien se le haya anotado la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte de la

---

[8] 32 LPRA Ap. V, R. 45.3.

Secretaría del tribunal ante los múltiples codemandados en el expediente; y 3) cuando el demandado presente evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, a las págs. 592-593.

### D. Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 30 (2014); *Martajeva v. Ferre Morris*, 210 DPR 612 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *Márquez v. Barreto*, 143 DPR 137, 142 (1997). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Banco Popular v. S.L.G. Negrón*, supra, pág. 863; *Global v. Salaam*, 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Medina v. Medina*, 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993). *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina, supra*; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997). (Énfasis en el original). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra, pág. 621.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se

utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a). *Caribbean Orthopedics v. Medshape et al,* 207 DPR 994, 1005 (2021).

Al respecto, nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véanse: *Rivera Torres v. Díaz López*, supra, pág. 647; *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374-375 (2000); First *Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume,* 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. *Torres Zayas v. Montano Gómez, et als.,* supra, pág. 468.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado […]". *Lonzo Llanos v. Banco de la Vivienda,* 133 DPR 509, 512 (1993). Véase *Reyes v. Oriental Fed. Savs. Bank, supra,* págs. 21-22; *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de

nulidad radical por imperativo constitucional". (Citas omitidas). *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

Finalmente, no podemos pasar por alto que el derecho al emplazamiento es renunciable. Tal renuncia puede suceder cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal. *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873. "La sumisión voluntaria suple la omisión del emplazamiento, ya que tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Una parte puede someterse al tribunal de forma explícita o implícita. La sumisión voluntaria puede suceder cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito". *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873.

En cuanto a la sumisión voluntaria, el Alto Foro ha expresado también que esto se "puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte demandante en su contra". *Vázquez v. López*, 160 DPR 714, 721 (2003).

### E. Regla 44.1-Honorarios de Abogados

La concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (d). La misma autoriza al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o frivolidad. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022); *SLG González-Figueroa v. SLG et al.*, 209 DPR 138 (2022).

De esta manera, la imposición o concesión de honorarios de abogado no procede en todos los casos. Depende, pues, de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial. *Íd.; Ortiz Valle v. Panadería*

*Ricomini,* 210 DPR 831 (2022). Nuestro Alto Foro ha puntualizado que: "Sin duda, para reclamar honorarios de abogado y los intereses presentencia *es imprescindible* que se haya actuado con temeridad durante el trámite judicial. *SLG González-Figueroa v. SLG et al.,* supra, pág. 148.

La *temeridad* se define como aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables. *Íd.*; *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010). Sobre este particular, nuestro más Alto Foro ha expresado también que "[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia." *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001).

Por otro lado, la frivolidad se define como "aquello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna." *Depto. Rec. v. Asoc. Rec. Round Hill,* 149 DPR 91, 100 (1999). Sólo lo claramente irrazonable o inmeritorio debe dar paso a una determinación de frivolidad por un tribunal apelativo. *Íd.*

En *Feliciano Polanco v. Feliciano González,* 47 DPR 722, 730 (1999), el Tribunal Supremo de Puerto Rico indicó que "[a] modo de ejemplo, constituyen actos temerarios los siguientes:

> [c]uando el demandado contesta la demanda y niega su responsabilidad total, aunque la acepte posteriormente; cuando se defiende injustificadamente de la acción que se presenta en su contra; cuando no admite francamente su responsabilidad limitada o parcial, a pesar de creer que la única razón que tiene para oponerse a la demanda es que la cuantía es exagerada; cuando se arriesga a litigar un caso del que prima facie se desprende su negligencia; o cuando niega un hecho que le consta ser cierto."

El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e

insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, págs. 148-149; *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

Además, la imposición de honorarios de abogado, tiene como objetivo disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte. *Íd.* págs. 718-719. Nuestro más Alto Foro ha dispuesto que, la facultad de imponer honorarios de abogados es la mejor arma que ostentan los tribunales para gestionar de forma eficaz los procedimientos judiciales y el tiempo de la administración de la justicia, así como para proteger a los litigantes de la dilación y los gastos innecesarios. *SLG González-Figueroa v. SLG et al.*, supra, pág. 149.

La determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador y no será variada en apelación a menos que se demuestre que éste ha abusado de su discreción. *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, pág. 150. Tampoco será variada la partida concedida a menos que resulte ser excesiva, exigua o constituya un abuso de discreción. *Feliciano Polanco v. Feliciano González*, supra, págs. 728-729.

Ahora bien, una vez el tribunal determina que se incurrió en temeridad, está obligado a imponer el pago de los honorarios de abogado a favor de la parte que prevaleció en el pleito. *PR Fast*

*Ferries et al. v. AAPP*, 213 DPR 103 (2023) citando a *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 779 (2016).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, la primera instancia judicial incidió al no insistir en que la acción de cobro fuese procesada mediante el procedimiento ordinario, luego de haberle requerido a la parte demandante el proyecto del emplazamiento personal para ser diligenciado en la persona del señor Pagán Ríos y al expedir el emplazamiento por edicto pese al requerimiento de la parte apelante.

Como segundo señalamiento de error, la parte apelante arguye que, el foro primario se equivocó al ordenar la expedición de emplazamiento por edicto con una declaración jurada estereotipada del diligenciante, que no cumple con los requisitos del debido proceso de ley.

Por encontrarse intrínsecamente relacionados, discutiremos ambos señalamientos de error de forma conjunta. Adelantamos que, le asiste la razón. Veamos.

Según reseñáramos, la parte apelada instó una *Demanda* al amparo de la Regla 60 de Procedimiento Civil, *supra*, en contra del señor Pagán Ríos. Luego de varias incidencias procesales, la parte apelada le solicitó al foro *a quo* autorización para emplazar mediante edicto, ya que no había logrado diligenciar la notificación y citación de forma personal. Anejó una declaración jurada del emplazador donde esbozó las gestiones realizadas.

El foro de primera instancia declaró No Ha Lugar la solicitud de la parte apelada, por motivo de que, esta era incompatible con el trámite sumario dispuesto en la Regla 60 de Procedimiento Civil. Subsiguientemente, la parte apelada presentó la *Moción Solicitando*

*Traslado del Caso a Procedimiento Ordinario para Llevar a Cabo Emplazamiento por Edicto*, en la cual solicitó la conversión del pleito al trámite ordinario. A tales efectos, el foro apelado emitió una *Orden*, en la que convirtió el trámite a uno ordinario y ordenó a la parte apelada a presentar un **proyecto de emplazamiento para su diligenciamiento personal**, conforme a *Cooperativa v. Hernández*, supra.

Pese a lo ordenado por el Tribunal de Primera Instancia, la parte apelada presentó *Moción en Cumplimiento de Orden Solicitando Emplazamiento por Edicto*, donde solicitó nuevamente al foro primario autorización para emplazar por edicto y utilizó la misma declaración jurada utilizada previo a que se convirtiera el pleito al trámite ordinario. Sin embargo, el foro *a quo*, emitió *Resolución* donde dio por cumplida la orden y ordenó la expedición del emplazamiento por edicto.

Como es sabido, la Regla 60, *supra*, establece varias instancias en las cuales, se puede convertir una causa presentada al amparo de esta, en un procedimiento ordinario. En lo pertinente, cuando en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario.[9] Nuestro ordenamiento jurídico ha dispuesto que, en las instancias en las cuales la parte promovente demuestre haber realizado gestiones dirigidas al cumplimiento con las exigencias dispuestas por la Regla 60, *supra*, y que a pesar de ello, no pudo cumplirlas, procede, en primer lugar, la conversión al procedimiento ordinario.[10]

Conforme mencionáramos, de la *Orden* emitida el 11 de junio de 2024, surge que, en vista de que el pleito se convirtió al trámite

---

[9] *Cooperativa v. Hernández Hernández*, supra, págs. 637-638; *RMCA, v. Mayol Bianchi*, supra, pág. 108.
[10] *Cooperativa v. Hernández Hernández*, supra, pág. 640.

ordinario, el foro de primera instancia le ordenó a la parte apelada presenta un proyecto de emplazamiento **para su diligenciamiento personal**. Nuestro Tribunal Supremo ha puntualizado que, "[u]na vez corresponda que el tribunal ordena la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional".[11] Es decir, al aplicarse dichas normas, procedía que la parte apelada presentara el proyecto de emplazamiento para su diligenciamiento personal, de acuerdo con lo ordenado por el foro de primera instancia. Esto, con el propósito de emplazar a la parte apelante conforme a derecho. De no lograrlo, a pesar de realizar gestiones pertinentes y así acreditarlo, entonces, procedía que le solicitara al Tribunal autorización para emplazar por edicto.

En su tercer señalamiento de error, la parte apelante aduce que, el Tribunal de Primera Instancia erró al denegar de plano la moción en la cual solicitó que no se le anotara la rebeldía, y la contestación a la *Demanda* y sus anejos, en la cual expone la existencia de defensas afirmativas de hecho y de derecho contra la causa de acción interpuesta. Añadió que, la anotación de la rebeldía a la parte apelante y no reconsiderar dicho dictamen constituyó un claro abuso de discreción.

Adelantamos que, le asiste la razón. Veamos.

De acuerdo al tracto procesal reseñado, luego de que el foro de primera instancia permitiera y expidiera el emplazamiento por edicto, la parte apelada presentó la *Moción de Solicitud de Anotación de Rebeldía para que se Dicte Sentencia*. En la misma solicitó que, se le anotara rebeldía al señor Pagán Ríos y se dictara sentencia en rebeldía. Posteriormente, la parte apelante presentó la *Moci[ó]n Asumiendo Representaci[ó]n Legal y en Solicitud de T[é]rmino para Contestar la Demanda y/o Presentar Moci[ó]n Dispositiva*. Mediante

---

[11] *Íd.*, págs. 638-639.

esta, hizo constar su dirección actual y mencionó que, la dirección a la cual intentaron emplazarle perteneció a una casa de empeño en la que fue empleado. Sostuvo, además que, advino en conocimiento de una posible reclamación en su contra por un tercero que le notificó que alguien había ido a emplazarlo al mencionado lugar. Adujo que, ante esto, su representación legal realizó una búsqueda donde encontró la reclamación de epígrafe y se dio cuenta de la solicitud de anotación de rebeldía. Ante tales efectos, se opuso a que se le anotara la rebeldía. Entre otras cosas, arguyó también que, ostentaba defensas válidas contra la reclamación instada en su contra. Finalmente, le solicitó al foro apelado que no se le anotara la rebeldía y se le concediera un término para presentar una alegación responsiva y/o moción dispositiva.

No obstante, posteriormente, el foro de primera instancia emitió *Orden* en la cual le anotó rebeldía al señor Pagán Ríos. Asimismo, dictó *Sentencia en Rebeldía.*

Conforme al derecho expuesto, nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte, le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse según estipulan las reglas, o como sanción.[12] Existen tres instancias en las que una parte puede ser declarada en rebeldía, a saber: cuando no comparece al proceso después de haber sido debidamente emplazada; cuando no formula contestación o alegación responsiva dentro del término concedido por ley habiendo comparecido mediante una moción previa donde no surja intención clara de defenderse, y cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal.[13]

---

[12] *Álamo v. Supermercado Grande, Inc.*, supra, pág. 100.
[13] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587.

En la medida en que la parte apelante compareció ante el foro *a quo*, **previo** a que se le anotara la rebeldía, ante la posibilidad de tener defensas válidas, el Tribunal de Primera Instancia no debió anotarle la rebeldía y en todo caso, celebrar una vista. Habida cuenta de que aún no se había atendido la moción de anotación de rebeldía ni se había emitido sentencia, debió permitir que la parte apelante presentara una moción dispositiva o responsiva.

Por otro lado, si bien es cierto que, la parte apelante no contestó la demanda dentro del término de treinta (30) días dispuesto en las Reglas de Procedimiento Civil, conforme explicáramos, esta no fue debidamente emplazada. Ello, toda vez que procedía que se expidiera el emplazamiento personal y se realizaran las gestiones pertinentes para emplazar al señor Pagán Ríos dentro del procedimiento ordinario.

Consecuentemente, el foro *a quo* no había adquirido jurisdicción sobre el apelante. De igual manera, el foro primario conocía que la parte apelante tenía la intención de presentar una alegación responsiva cuando advino en conocimiento de la acción en su contra y así lo hizo constar en su moción donde se opuso a la anotación de rebeldía.

Finalmente, debemos recordar que, pese a que la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa, [. . .], **esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía**.[14] (*Énfasis suplido*).

En su último señalamiento de error, la parte apelante sostiene que, el foro *a quo* incidió al imponerle honorarios de abogado sin

---

[14] *Rivera Figueroa v. Joe's European Shop*, supra, págs. 591-592.

realizar una previa determinación de temeridad. Adelantamos que, le asiste la razón. Veamos.

En la *Sentencia en Rebeldía*, el foro de primera instancia condenó a la parte apelante al pago de una suma de mil dólares ($1,000.00) por concepto de honorarios de abogados.

Como es sabido, la concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil, *supra*. La precitada regla faculta al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o frivolidad[15]. De esta forma, la imposición de honorarios de abogado no procede en todos los casos. Dependerá de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial[16].

A pesar de que la determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador, en el caso de epígrafe el foro *a quo* no expresó una determinación justificada. Además, no surge del expediente de forma alguna justificación para la imposición de honorarios, por lo que colegimos que el foro primario abusó de su discreción al imponer los mismos.

### IV

Por los fundamentos que adelante se exponen, se *revoca* el dictamen apelado, se deja sin efecto la anotación de rebeldía y se devuelve el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

---

[15] *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 192; *SLG González-Figueroa v. SLG et al.*, supra, pág. 145.
[16] *Íd.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones